The opinion of the court was delivered by
White, J.
The plaintiffs brought a petitory action to recover four lots of ground; situate in this city, in the faubourg Pontchartrain,designated by the numbers eleven, twelve, thirteen, and fourteen, on a plan drawn on the eleventh of September, 1836, by L. Surgi, and deposited in the office of EL Pedischaux, late a notary in the city, and known as plan No. 2.
The defendant answered by a general denial, and averring that ■either through himself or his authors, from whom he derived title, he bad been in undisputed possession of the property claimed continuously :as owners for thirty-five years, he pleaded the prescription of thirty years.
The judgment below was in favor of plaintiffs.
In consequence of our opinion as to the incorrectness of certain rulings of the lower court, we will remand the cause.
The defendant offered his title to property contiguous to that claimed by plaintiff, which title contained the following declaration made by his vendor : “ That ever since the purchase of the afore-described property,” that conveyed by the act, “ he has been in the peaceable possession and enjoyment of a certain portion of ground,” etc., •giving a description of the property presently in question, “ and he does •hereby transfer and set over unto the said purchaser, his heirs and •■assigns, the rights and pretensions which he or his preceding vendors have or may have in and to the aforesaid portion of ground.”
He then offered his chain of title to the contiguous lots, conveyed to him by his vendor, by the act containing the recital just mentioned, In order thereby to lay proper foundation for parol proof, showing that *539 he and his authors had always uninterruptedly, unequivocally, and •quietly possessed as owners the property in controversy, which adjoined that covered by the tendered titles; which evidence was not allowed, on the ground “ that the titles did not mention or relate in any manner to the four lots in question, they could therefore afford no evidence of title to them, the lots mentioned, in them are not the subject of this investigation.”
The defendant then tendered witnesses to prove that his vendors ■and authors had possessed during the time, and under the conditions required for the prescription of thirty years, not only the lots covered by their titles, but those now claimed, which possession had been regularly taken up by each succeeding holder of the chain of title previously offered. The testimony was disallowed, on the ground that proof of such possession must be in writing, and that although the possession of the immediate author might be shown, that of a series of authors could not. Both rulings were erroneous. 1st. The titles were not offered to •establish written title to the property, but in order by parol proof to show possession by the authors of defendant of the property sued for not under their titles but beyond them. The maxim “ ad primordium tituli posterior semper formatur eventus” simply fixes the quality of the possession by the nature of the title, and does not prevent one holding •a title as owner from prescribing, not against but beyond his title. The Roman law, wherein the maxim took its birth, was explicit. Digest pro emptore law 2, sec. 6 ; and such is the text of our Code. C. C. 3514. This being true, it was surely competent for the defendant to make proof of the matter tendered in order to link the possession of his authors to his own, and thereby to establish with the assistance of parol proof his plea of prescription. C. C. 3493.
2d. That parol proof is admissible to show possession as a means of establishing the prescription of thirty, years, under C. C. 3499, is no longer an open question — 12 M. 649; 19 L. 258; 5 A. 231 — and our jurisprudence is in accord with the views of the expounders of provisions of law similar to our own. Pothier, vol. 9, Nos. 176,178; Merlin Repertoire, vol. 24, p. 134; Laurent, vol. 32, sec. 343. It is equally clear that the defendant was entitled to show the possession of his authors, and was not confined to that of his vendor. C. C. 3459. The fact that the article uses the singular instead of the plural in saying “ that a possessor is .allowed to make the sum of - possession necessary to prescribe by adding to his own possession that of his author,” is of no significance. C. C. .3356. In fact the right to avail oneself of a series of possessions was ■recognized by the Roman law at the very birth of the thirty years’ prescription. Pothier’s Pandects, book 41, tit. 3, vol. 17, p. 148.
But it is contended that the property covered by the deeds being other *540 than that sued for, and hence that the vendors of the defendant were, in legal purview, his authors only quoad the property by them sold him, and not such authors as regards the contiguous property which they may have possessed beyond their titles. This is a mere petíüo principii, for while it is elementary that in order to avail oneself of a previous possession there must be a juridical link between such possessions, it is textually provided by our Code that an act of sale creates such link. C. C. 3494, The various vendors in the chain, of title were the authors-of defendant, not only in reference to the property sold, but their possession beyond their titles was the possession of his authors, which was competent to be shown. To hold the converse would be to say not only that one could not prescribe beyond his title, but also that title was an essential basis for the prescription of thirty years.
The judgment is reversed, and the case is remanded to be proceeded with according to law and in conformity with the views herein-above expressed. The costs of appeal to be borne by plaintiff; those below to abide the final result.